RAMÓN AYALA, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. EMILIO S. BELAVAL, JUDGE, Respondent. FERNANDO SIERRA BERDECÍA, COMMISSIONER OF LABOR OF PUERTO RICO, ETC., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. EMILIO S. BELAVAL, JUDGE, Respondent.

Nos. 9 and 10.   Argued February 1, 1950.—Decided April 21, 1950.

*Ramón Cancio* and *Augusto Palmer*, counsel for the Department of Labor, for petitioners.   *Vicente Hita, Jr.*, for respondent in the main actions.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

The Commissioner of Labor of Puerto Rico, in representation and in behalf of workman Asunción Seary, filed a

claim for wages against Félix A. de León, under Mandatory Decree No. 11 issued by the Minimum Wage Board, in force since July 1946. Said decree fixes the minimum salary, maximum periods of labor, and the conditions of work for employees of the construction industry. In the complaint it was alleged that the workman worked as watchman in a construction project in Río Grande, for his employer, de León, eight hours daily, seven days a week—a total of 56 hours—for a period of fifteen weeks—from January 3 to April 21, 1947—for a weekly wage of $16.00.

A similar claim, under the same Mandatory Decree No. 11, was filed in his own behalf by workman Ramón Ayala [1]—also a watchman of said project—wherein he alleged that he had worked for the same employer eight hours daily, seven days a week, for a period of 28 weeks—from January 2 to July 20, 1947—receiving also a weekly wage of $16.00.

Both cases were jointly heard by the lower court. In both cases the evidence for the employer was that the workmen did not work overtime. In his answer to the complaint in each case the employer adopted the same position, including as "Affirmative Answer" that the hours worked by the workmen were exclusively the working hours established by law. At the trial in the lower court the employer's attorney added that the workmen worked 44 hours per week at 32 cents per hour, and that the excess up to the $16.00 weekly wage was "a bonus . . . a special gift . . ."

After considering the evidence introduced, both complaints were sustained. In the case of workman Seary, the lower court computed the compensation to be paid by the employer, in the following manner:

| | |
|---|---|
| "For 56 weekly hours of work the workman should receive 44 hours at 32 cents equal to | $14. 08 |
| 12 hours at 64 cents equal to | 7. 68 |
| Weekly total | $21. 76 |

[1] The attorneys of the Department of Labor in charge of Claims for Wages have represented this workman since the filing of the complaint.

| | | |
|---|---|---|
| Wage received | 16. 00 | |
| Difference per week | $ 5. 76· | |
| 15 weeks at $5.76 per week | | $ 86. 40 |
| The same sum as penalty | | 86. 40 |
| Total to be received | | $172. 80 |

It followed the same computation in the case of workman Ayala, and since the number of weeks worked was greater—28—it awarded him the sum of $103.68 for extra hours, plus an equal sum as a penalty to the employer, or a total of $207.36.

On petition of the Commissioner of Labor and of workman Ayala we granted certiorari because of the importance of the question for the administration of the statute. Both petitioners contend that the weekly wage of $16 should be considered as compensation for the 44 maximum hours of work, and the compensation for extra hours should be computed on the basis of the wage rate resulting from said factors, which was the wage earned by the workmen, and not on the basis of the minimum wage of 32 cents. We think that they are correct. Let us see.

Mandatory Decree No. 11 above mentioned prescribes for the unskilled laborer, group F, a minimum wage of 32 cents per hour, a maximum 8 hour workday and a maximum 44 hours workweek, any overtime to be compensated at no less than double the *rate of pay received by the workman.*

What was the hourly wage rate earned by each one of the workmen? The contract for work was not on the basis of a certain *hourly* rate. Nor was it on the basis that the weekly wage of $16 would include overtime pay. The lower court held that the workmen worked 8 hours daily, 7 days a week —56 hours a week. It is evident that the weekly wage of $16 was not sufficient to pay for the 56 hours worked weekly, even taking as a basis a minimum hourly wage of 32 cents. In fact, the defendant denied that extra hours were worked

and maintained that the weekly wage of $16 was for 44 weekly hours at the rate of 32 cents—a total of $14.08—the remainder up to $16 being a "bonus" or "special gift". The defendant never maintained that the weekly wage of $16 covered any pay for overtime.

When in a contract for work, as in these cases, the hourly rate of pay has not been agreed upon, and likewise it has not been agreed that the weekly wage covers compensation for hours in excess of the maximum workweek, and the workman is paid a weekly wage which if applied to the number of hours actually worked—including extra hours—would result in a lower hourly wage rate than that established by law, the hourly wage rate received by the workman should be determined, for the purpose of computing his compensation for extra hours, by taking as a basis thereof the weekly wage applied to the maximum workweek. *Cf. Cardona* v. *District Court*, 62 P.R.R. 59, 90 *et seq; Warren-Bradshaw Co.* v. *Hall*, 317 U. S. 88, 87 L. ed. 83; *Overnight Motor Co.* v. *Missel*, 316 U. S. 572, 86 L. ed. 1682.

Consequently, we hold that the hourly wage rate received in these cases by the workmen, computed on the basis of the maximum workweek of 44 hours and the weekly salary of $16, was of .3636 cents. Therefore, the compensation for 12 extra weekly hours for 15 weeks in the case of workman Seary, at the double rate of .7272 cents per hour, is of $130.90, plus an equal sum as penalty, totalling $261.80. In the case of workman Ayala the compensation for 12 extra weekly hours for 28 weeks, at the double rate of .7272 cents per hour is of $244.34, plus an equal sum as penalty, making a total of $488.68.

The judgment in both cases will be modified granting each workman compensation for hours worked in excess of the maximum workweek in accord with this opinion, and as thus modified, affirmed.